Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2879 | **DATE** | February 5, 2004 |
| **CASE TITLE** | Godbout v. Dennis Parizek and the United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Godbout's motion to remand [6-1,6-2,9-1,9-2] is denied, and his motion for leave to amend the complaint [7-1,7-2,10-1] is granted. Godbout's motion to strike the government's response to his motion to remand [16-1] is denied. The government's motion for additional time to respond to the complaint [2-1] is denied as moot. Godbout may have until February 25, 2004 to file an amended complaint. The government may have until March 17, 2004 to file a renewed motion to substitute. Godbout may have until April 7, 2004 to respond, and the government until April 21, 2004 to reply. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| x | Notices MAILED by judge's staff. | | FEB 0 9 2004 | |
| | Notified counsel by telephone. | | date docketed | 22 |
| | Docketing to mail notices. | U.S. DISTRICT COURT | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |
| | | (Reserved for use by the Court) | | |

03-2879.041-TCM                                           February 5, 2004

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID GODBOUT, | ) |
| Plaintiff, | ) |
| v. | ) No. 03 C 2879 |
| DENNIS PARIZEK and UNITED STATES OF AMERICA, | ) |
| Defendants. | ) |

DOCKETED FEB 09 2004.

## MEMORANDUM OPINION

Before the court is plaintiff's motion to remand. For the reasons set forth below, the motion is denied.

## BACKGROUND

This suit, brought by *pro se* plaintiff David Godbout against defendant Dennis Parizek, an Internal Revenue Service employee, originally was filed in DuPage County, Illinois small claims court. The underlying facts, at least that can be gleaned from the complaint, are rather elusive. The complaint alleges, in its entirety, that:

> [Parizek] willful[y], deliberate[ly], and with malice performed the following action against the plaintiff: aided and/or concealed the deliberate destruction and attempted destruction or alteration o [sic] documents, violated the plaintiff's constitutional due process rights, improperly required prema-facie [sic] evidence when it was known to the defendant that this is improper, refused to allow the plaintiff rights that are assigned to the

plaintiff. The pattern of conduct is
misconduct as understood under Illinois and
this misconduct has resulted in to [sic] a
financial burden being placed upon the
plaintiff that is not justified or warranted.
The total sum of which the defendant has been
indebted due to the defendant's acts is over
five thousand dollars.

On April 29, 2003, the United States filed the following with this court: (i) a certification by the United States Attorney for the Northern District of Illinois that Parizek was "acting within the scope of his employment . . . at the time [of] the incidents out of which plaintiff's claims arose," pursuant to 28 U.S.C. § 2679(d)(2); (ii) a notice of substitution of the United States for Parizek as the sole defendant, also pursuant to 28 U.S.C. § 2679(d)(2); and (iii) a notice of removal pursuant to 28 U.S.C. §§ 2679(d)(2), 1441 and 1442(a)(1). Shortly thereafter, Godbout filed a motion to remand.

Before turning to the merits of Godbout's motion, we note that the government's pleadings provide some much-needed context to the complaint's otherwise opaque allegations. Suffice it to say, Godbout's claim appears to arise out of his contact with the IRS regarding his personal tax liability. We will not delve any further because all we really need to know to resolve Godbout's motion is that Parizek is a federal employee, and moreover, Godbout will have another opportunity to plead his claim (more on that below) and, at least at this stage, we defer to his version of events.

-3-

## DISCUSSION

This is a "Westfall Act" case. The Westfall Act, or the Federal Employees Liability Reform and Tort Compensation Act of 1988 (28 U.S.C. § 2679) (the "Act"), established "standards to govern the immunity of Federal employees who have allegedly committed state common law torts."[1] H.R.Rep. No. 100-700, 100th Cong., 2d Sess. 4, *reprinted in* 1988 U.S.C.C.A.N. 5945, 5947 (1988). Under the Act, when a federal employee is sued for a wrongful or negligent act, the United States Attorney General or its delegate may certify that the employee was acting at the time within the scope of his or her employment.[2] See 28 U.S.C. § 2679(d)(2).

In this case, the United States Attorney's "scope

---

[1] The Act owes its moniker to the Supreme Court's decision in Westfall v. Erwin where the Court held that a federal employee is absolutely immune from state tort liability only if (i) the employee was acting within the scope of his employment, *and* (ii) the employee's actions were discretionary in nature. See 484 U.S. 292, 300, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988). Concerned that the Westfall decision had "seriously eroded the common law tort immunity previously available to Federal employees," thereby creating a potential crisis of personal tort liability for the entire federal workforce, Congress quickly responded with the "Westfall Act." See Pub. L. No. 100-694, §2(a), 102 Stat. 4563 (1988). The Act, simply an amendment to several provisions of the Federal Tort Claims Act (the "FTCA"), effectively nullified Westfall's discretionary function requirement by providing that immunity will attach so long as the federal employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose. . . ." 28 U.S.C. § 2679(d)(1).

[2] The Attorney General has, by regulation, delegated certification authority under the Act to the United States Attorneys in their respective districts. See 28 C.F.R. § 15.3(a). The Attorney General's delegation authority is set forth in 28 U.S.C. § 510.

certification" has three consequences under the Act: (i) because the action was initially filed in state court, the United States Attorney is required to remove the suit to federal court; (ii) the United States is substituted as the sole defendant in place of Parizek; and (iii) the action proceeds as a claim against the United States under the FTCA. See id. Thus, while Godbout may be surprised to find that his small claims action against Parizek has metamorphosed into a federal case against the United States, that is precisely what is contemplated by the Act.

In his motion to remand, Godbout argues that the United States Attorney's scope certification is in error, i.e., Parizek was not acting within the scope of his employment at the time of his alleged unlawful conduct. According to Godbout, then, both the removal and the substitution of the United States as defendant are likewise erroneous.

We take the removal question first, and on that score, Godbout's argument is a nonstarter. Even if the United States Attorney's scope of employment determination *is* wrong, the plain language of the Act forecloses judicial review: "[the] certification of the Attorney General shall *conclusively* establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2) (emphasis added); see Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 434, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995) (confirming section 2679(d)(2)'s literal meaning). Therefore, when

the Attorney General certifies that a federal employee was acting within the scope of employment, Congress has "conclusively" authorized federal jurisdiction, and this court has no authority to remand on the ground that the scope certification is erroneous.[3] See 28 U.S.C. § 2679(d)(2).

Unlike the removal query, the Act does not provide a clear-cut answer to the substitution question. While section 2679(d)(2) states explicitly that certification "shall conclusively establish scope or office or employment *for purposes of removal*," the section contains no such statement with regard to substitution. See id. (emphasis added). In Lamagno, the Supreme Court found meaning in the omission and held, settling what had been the law of this circuit since Hamrick v. Franklin, 931 F.2d 1209, 1211 (7th Cir. 1991), that the Attorney General's scope certification is subject to judicial review on the issue of substitution. See Lamagno, 515 U.S. at 436-37. The Court stated:

> Congress spoke in discrete sentences in § 2679(d)(2) first of removal, then of substitution. Next, Congress made the Attorney General's certificate conclusive solely for purposes of removal, and notably not for purposes of substitution. It follows . . . that the scope-of-employment

---

[3]Godbout also submits that the scope certification, merits aside, is inadequate on its face because it does not contain any factual detail. The Supreme Court, however, has made clear that the certification need not provide factual support for its conclusion. See Lamagno, 515 U.S. at 421 ("The certification, as is customary, stated no reasons for the U.S. Attorney's scope-of-employment determination.").

>       judgment determinative of substitution can
>       and properly should be checked by the court,
>       i.e., the Attorney General's scarcely
>       disinterested certification on that matter
>       is by statute made the first, but not the
>       final word.

Id. at 432.[4]

Thus, Godbout may contest the United States Attorney's scope of employment determination to the extent it triggers the substitution of the United States as the sole defendant. If Godbout's challenge is successful, then Parizek will be re-

---

[4]The Lamagno decision was not merely a product of statutory interpretation. The Court prefaced its analysis by noting that, in most cases, plaintiffs will not object to substitution of the "financially reliable" United States for an individual defendant. See 515 U.S. at 422. However, the Court explained, when the re-characterized case falls within an exception to the FTCA's waiver of sovereign immunity, substitution "would cause the demise of the action": the federal employee is immunized by the substitution (see Taboas v. Mlynczak, 149 F.3d 576, 579 n.1 (7th Cir. 1998)), and the United States by the FTCA exception. See 515 U.S. at 422. Such was the situation in Lamagno. The petitioner's claims arose in a foreign country and therefore fell within one of the FTCA's waiver of immunity exceptions. See id. The Court found that in such a case – that is, when the United States, if substituted, would be immune – the Attorney General's "impetus to certify becomes overwhelming." Id. at 427. Put simply, if the Attorney General refuses to certify, the federal employee is exposed, and further, the employee may pursue a case against the United States in federal court for failure to do so. See 28 U.S.C. § 2679(d)(3). On the other hand, by certifying, the United States avoids litigating "scope of employment" against its own employee, immunizes the federal employee, and is itself shielded by the applicable FTCA exception. These practical considerations, the Court concluded, magnified the need for judicial review. See 515 U.S. at 428-30 ("No man is allowed to be a judge in his own cause. . . .") (quoting The Federalist No. 10, at 79 (C. Rossiter ed., 1961)). In addition, the Court noted that the statutory predecessor to the Westfall Act expressly provided for judicial review of scope of employment determinations. Therefore, the Act was "legislated against a backdrop of judicial review," and nothing in the legislative history suggests that Congress intended to "commit the critical 'scope-of-employment' inquiry to the unreviewable judgment of the Attorney General. . . ." See 515 U.S. at 425-26.

substituted as the defendant, and the suit will proceed against him in his individual capacity in this court, subject to a review of subject matter jurisdiction. See id. at 434-36. Should Godbout fail to show that the government's scope of employment determination is in error, then the action will be against the United States. But, as noted above, depending on the immunities or other defenses available to the United States, substitution could effectively constitute a judgment against Godbout. That is not to say that Godbout would have *no* avenue of recourse, but only that his claim may not fall within the narrow confines of the United States' waiver of immunity under the FTCA. See, e.g., McMillen v. United States Dept. of Treasury, 960 F.2d 187, 188-89 (1st Cir. 1991) ("There are . . . statutes [other than the FTCA] that do waive sovereign immunity for causes of action that concern taxation. . . . 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422 together authorize a taxpayer who believes that the IRS has incorrectly assessed a tax liability against him to sue for a refund. Suits under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422, however, are subject to two important limitations. First, they must be preceded by an administrative claim for a refund. Second, the taxpayer may not go to court until he has actually paid the assessment.") (citations omitted).

Because the United States Attorney's certification does not guarantee substitution, we treat the United States' notice of

substitution instead as a *motion* to substitute. The Seventh Circuit in Taboas has provided guidance on how to proceed:

> A motion for substitution may be decided on the face of the complaint (akin to a motion to dismiss) when the movant contends that, even accepting the allegations as true, the defendant acted within the scope of his employment.

149 F.3d at 580-81 (citation omitted). Alternatively, if the movant contests the facts as pled, then "the motion for substitution may be decided by reference to affidavits and other evidence outside the pleadings (akin to a summary judgment motion). . . ." Id. at 581 (citation omitted).

A motion to substitute, however, is different than a motion to dismiss or a motion for summary judgment in one critical respect: the plaintiff opposing substitution, rather than the movant, bears the burden of persuasion. See Hamrick, 931 F.2d at 1211 ("[T]he plaintiffs have the burden of showing that the defendants' conduct was not within the scope of employment."). Finally, the Taboas Court recognized "[t]he more difficult question [of] how to proceed when the motion for substitution contests the facts pled in the complaint . . . and the papers reveal disputed [material] factual issues." 149 F.3d at 581. In such a case, the Court held, the plaintiff is entitled to an evidentiary hearing (and presumably limited discovery) to resolve material factual disputes related to scope of employment. See id.

Here, Godbout has moved, in the alternative to his motion to remand, for leave to amend his complaint. We will grant Godbout

leave to amend. The government may then renew its motion for substitution on the facts of the new complaint. Also, the government has filed a motion for additional time to respond to the complaint. That motion is denied as moot. The court will set a date for the defendant (whichever one that may be) to respond to the complaint once the substitution question is resolved.

### CONCLUSION

Accordingly, for the foregoing reasons, Godbout's motion to remand is denied, and his motion for leave to amend the complaint is granted. Godbout's motion to strike the government's response to his motion to remand is denied. The government's motion for additional time to respond to the complaint is denied as moot. Godbout may have until February 25, 2004 to file an amended complaint. The government may have until March 17, 2004 to file a renewed motion to substitute. Godbout may have until April 7, 2004 to respond, and the government until April 21, 2004 to reply.

DATE: February 5, 2004

ENTER: _____
John F. Grady, United States District Judge