

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2879 | **DATE** | December 21, 2004 |
| **CASE TITLE** | | Godbout v. Parizek | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion, the United States's motion to substitute [26-1] and motion to dismiss [27-1] are granted. This action is dismissed with prejudice for lack of subject matter jurisdiction (Counts II – VI) and for failure to state a claim (Count I).

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | | |
| | No notices required. | | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | | DEC 2 9 2004 | | 31 |
| | Notified counsel by telephone. | | | date docketed | | |
| | Docketing to mail notices. | | | AJK | | |
| | Mail AO 450 form. | | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | | |
| | | | U.S. DISTRICT COURT | | | |
| | courtroom deputy's initials | | 2004 DEC 28 PM 4:46 | date mailed notice | | |
| | | | FILED | | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DAVID GODBOUT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 2879 |
| | ) | |
| DENNIS PARIZEK and | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **DOCKETED** |
| Defendants. | ) | |
| | | **DEC 29 2004** |

### MEMORANDUM OPINION

Before the court is defendants' motion to substitute and motion to dismiss. For the reasons set forth below, both motions are granted.

### BACKGROUND

This action arises from *pro se* plaintiff David Godbout's dispute with the Internal Revenue Service regarding his tax liability. Godbout originally brought suit action against Dennis Parizek, an IRS employee, in DuPage County, Illinois small claims court. The United States then filed, pursuant to the Westfall Act ("the Act"), a notice of removal, a notice of substitution of the United States as the defendant, and a certification that Parizek was "acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28

*31*

U.S.C. § 2679(d)(2).[1] Under the Act, when a federal employee is sued for a state law tort and the United States Attorney General files a "scope certification," the case is removed to federal court, the United States is substituted as the defendant, and the case proceeds against the United States under the FTCA. See id.

Godbout filed a motion to remand, arguing that the scope certification was in error, *i.e.*, Parizek was not acting within the scope of his employment, and therefore removal was likewise erroneous. We denied Godbout's motion because "the plain language of the Act forecloses judicial review: '[the] certification of the Attorney General shall *conclusively* establish scope of office or employment for purposes of removal.'" Godbout, 2004 WL 442601, at *2 (citing 28 U.S.C. § 2679(d)(2) (emphasis added)). Godbout also challenged the substitution of the United States in place of Parizek. While the Attorney General's certification is conclusive for purposes of removal, it is not for purposes of substitution. See Godbout, 2004 WL 442601, at *2-3 (citing Gutierrez de Martinez v. Lamagno,

---

[1]The Westfall Act, properly known as the Federal Employees Liability Reform and Tort Compensation Act of 1998, amended several provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("the FTCA"), by extending immunity to federal employees for state law torts committed within the scope of their employment. The Act was Congress's response to the Supreme Court's decision in Westfall v. Erwin, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988). See Godbout v. Parizek, No. 03 C 2879, 2004 WL 442601, at *1 n.1 (N.D. Ill. Feb. 9, 2004) (discussing the origins of the Act).

515 U.S. 417, 436-37, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995)).

As we explained in our opinion denying remand:

> Godbout may contest the United States
> Attorney's scope of employment determination
> to the extent it triggers the substitution
> of the United States as the sole
> defendant.   If Godbout's challenge is
> successful, then Parizek will be re-
> substituted as the defendant, and the suit
> will proceed against him in his individual
> capacity in this court, subject to a review
> of subject matter jurisdiction.   Should
> Godbout fail to show that the government's
> scope of employment determination is in
> error, then the action will be against
> the United States.  But . . .  depending
> on the immunities or other defenses
> available to the United States, substitution
> could effectively constitute a judgment
> against Godbout.   That is not to say that
> Godbout would have *no* avenue of recourse, but
> only that his claim may not fall within
> the narrow confines of the United States's
> waiver of immunity *under the FTCA.*

Godbout, 2004 WL 442601, at *3 (citations omitted.)

Because certification is not conclusive on the question of substitution, we treated the United States's *notice* of substitution as a *motion* to substitute.   See Godbout, 2004 WL 442601, at *3.

But before addressing the substitution issue, we granted Godbout's request to file an amended complaint, which alleges the following.  In or around October 2002, Godbout received from the

IRS a Notice of Deficiency regarding his 1995 tax liability.[2] Godbout contends the deficiency was wrong – he paid all taxes due in 1995. Upon receipt of the notice, he sent the IRS copies of a bank statement and a cancelled check as proof that he paid the taxes. Godbout alleges that Parizek, or someone under his direction, rejected the statement and check as insufficient evidence of payment. Godbout also received information from the IRS pursuant to a Freedom of Information Act request, see 5 U.S.C. § 552, but the documents did not include a copy of the cancelled check used to pay the 1995 taxes. According to Godbout, then, the cancelled check and other unidentified "material evidence" had been destroyed by Parizek or someone under his authority. Godbout also requested, but was denied, an in-person meeting with IRS officials.

On these facts, the amended complaint alleges six counts: due process claims under the United States and Illinois Constitutions (Counts I and II, respectively), fraud and conspiracy to commit fraud (Counts III and IV), and theft and conspiracy to commit theft (Counts V and VI).[3] Godbout seeks compensatory damages in the amount of $5,800 (we infer that this

---

[2]The amended complaint does not specify the amount of the deficiency.

[3]By "theft," we understand Godbout to refer to the tort of conversion.

is the amount of the tax deficiency) and punitive damages of $500,000.

The United States has renewed its motion to substitute and filed an accompanying motion to dismiss. We address these motions in turn.

## DISCUSSION

### A.  Motion to Substitute

Although the motion to substitute is filed by the United States, it is the plaintiff opposing substitution who bears the burden of persuasion. See Hamrick v. Franklin, 931 F.2d 1209, 1211 (7th Cir. 1991) ("[T]he plaintiffs have the burden of showing that the defendants' conduct was not within the scope of employment."); House v. Laro, No. 01 C 1104, 2001 WL 686911, at *1 (N.D. Ill. June 18, 2001) ("The certification is prima facie proof that the challenged conduct was within the scope of employment, which plaintiff must rebut by specific facts.").

The United States's motion to substitute is accompanied by an affidavit signed by Parizek. According to the affidavit, Parizek is an operations manager at an IRS Service Center in Ogden, Utah where he supervises approximately 260 employees. Parizek states that he rarely, if ever, has direct contact with individual taxpayers and he ordinarily has no involvement in the process of determining their tax liabilities. His only contact

with Godbout has been the receipt of a letter, dated January 13, 2003 and addressed to Parizek's home, in which Godbout objected to the IRS's determination of his 1995 tax liability. After receiving the letter, Parizek reviewed Godbout's case file. The file indicated that Godbout had submitted a joint tax return for the 1995 tax year, but had refused to sign the return for "constitutional reasons." According to Parizek, when a taxpayer submits an unsigned return, he is treated as a non-filer. And a non-filer may not benefit from joint filer rates and itemized deductions, but rather defaults to single filer rates and the standard deduction. Not surprisingly, this often results in a higher tax liability. When such increases result, as was the case with Godbout, a notice of deficiency in the amount of the additional tax is sent to the taxpayer. These notices customarily refer to a manager in the IRS office from which the notice was sent.

In reviewing Godbout's file, Parizek also learned that an IRS employee under his supervision had explained to Godbout the reasons for the IRS's action during a November 22, 2002 telephone conversation. The file also revealed that Godbout had requested a face-to-face meeting with IRS officials. The request was denied because "IRS appeals do not extend to failure to comply with the tax laws because of . . . constitutional, . . . or

similar grounds." (Parizek Aff., p. 4, citing IRS Revenue Procedure 68-12.) Parizek is not aware of any concealment, alteration or destruction of any document relating to Godbout by any IRS employee. Finally, Parizek states that had never heard of Godbout prior to receipt of the January 2003 letter, and he has had no contact with him since.

From Parizek's affidavit, it appears that his only involvement with Godbout consisted of reviewing his case file. According to Parizek, he did this after the IRS had already issued its deficiency notice, and there is no indication that Parizek took any additional action in relation to Godbout or ordered anyone else to do so.[4] Godbout offers nothing substantive in response and instead seeks discovery to prove the allegations in the complaint. Discovery, however, is unnecessary. Even if we set aside Parizek's affidavit, and assume that Godbout's allegations *are* true, they do not demonstrate that Parizek's conduct was outside the scope of his employment. In making that determination, we apply the law of the state in which the alleged unlawful conduct occurred. That is the law of Utah:

---

[4]Incidentally, we also understand Parizek's affidavit to say, contrary to the allegations in the amended complaint, that the IRS never claimed that Godbout failed to file a tax return, with a check, in 1995. The IRS simply stated that Godbout owed *more* than was tendered in 1995 because he did not sign his return.

> Under Utah law, "scope of employment"
> includes: those acts which are so closely
> connected with what the servant is employed
> to do, and so fairly and reasonably
> incidental to it, that they may be regarded
> as methods, even though quite improper ones,
> of carrying out the objectives of the
> employment. . . . Utah courts have focused
> on three factors in defining when an
> employee's conduct falls within the scope
> of employment. First, the conduct must be
> generally related to that which the employee
> is employed to perform. The conduct must
> occur substantially within the hours and
> ordinary spatial boundaries of the
> employment. Finally, the employee's conduct
> must be motivated, at least in part, by the
> purpose of serving the employer's interest.

Richman v. Straley, 48 F.3d 1139, 1145 (10th Cir. 1995)

(citations and internal quotations omitted.). Godbout contends

that Parizek, or someone under his control, engaged in the

following activity: sent Godbout an erroneous deficiency notice

regarding his 1995 tax liability; rejected Godbout's evidentiary

proffer allegedly demonstrating payment; refused to have an in-

person meeting with Godbout; and destroyed "material evidence,"

including a cancelled check, showing payment of the 1995 taxes.

To begin with, all of Parizek's alleged conduct, even if "quite

improper," was undertaken in his official capacity as an employee

of the IRS and in connection with the assessment and collection

of taxes. There are no allegations that Parizek engaged in any

unlawful activity away from the Ogden Service Center or outside

normal business hours. Finally, even intentional conduct – here, the destruction of evidence – may be deemed to be within the scope of employment if it was motivated by a desire to serve the employer. See Hodges v. Gibson Prods. Co., 811 P.2d 151, 156-57 (Utah 1991) (employer liable for employee's intentional malicious prosecution because employee was motivated in whole or in part to carry out employer's purpose); Phillips v. JCM Dev. Corp., 666 P.2d 876, 881-83 (Utah 1983) (employer liable for employee's act of fraud); Bowman v. Hayward, 262 P.2d 957, 960 (Utah 1953) (holding sheriff liable for assault and battery committed by deputy while acting in official capacity); see also Wright v. City of Danville, 174 Ill.2d 391, 221 Ill.Dec. 203, 675 N.E.2d 110, 118 (1996) (acknowledging that "even the criminal acts of an employee may fall within the scope of employment"); Coleman v. Smith, 814 F.2d 1142, 1150-51 (7th Cir. 1987) (police officers who "usurped" and "misused" their power by conducting a false arrest and "destroying records" nevertheless acted within the scope of their employment). Here, we find nothing in Godbout's pleadings to suggest that Parizek's conduct was motivated by personal gain, or anything other than a desire, however misguided, to carry out the tax-collection objectives of the IRS. In sum, Godbout has not met his burden of coming forward with specific facts that, if true, would demonstrate that Parizek

acted outside the scope of his employment. Accordingly, the United States's motion to substitute is granted.

**B.    Motion to Dismiss**

The United States's unrebutted scope certification transforms Godbout's common law tort claims against Parizek into claims against the United States under the FTCA. See 28 U.S.C. § 2679. As we noted in our earlier opinion in this case, see Godbout, 2004 WL 442601, at *3, substitution is often tantamount to a judgment against the plaintiff. That is the case here. The FTCA waives sovereign immunity for many tort claims, but there are exceptions. And one such exception is "[a]ny claim arising in respect of the assessment or collection of any tax. . . ." 28 U.S.C. § 2680(c). This section is "interpreted broadly" and covers "any activities of an IRS agent even remotely related to his or her official duties." Bartoli v. Attorney Registration and Disciplinary Commission of Illinois, No. 97 C 3412, 1998 WL 596694, at *3 (N.D. Ill. Sept. 2, 1998) (citing Capozzoli v. Tracey, 663 F.2d 654, 658 (5th Cir. 1981)). Godbout's claims fit comfortably within this exception.

Moreover, to recover damages under the FTCA, a plaintiff must first file an administrative claim with the appropriate federal agency – here, the IRS. See 28 U.S.C. § 2675(a). The

agency must then deny the claim before a plaintiff may proceed with a tort suit against the United States or its employees.  <u>See</u> <u>id.</u>  Godbout has not done this.  Exhaustion of administrative remedies cannot be waived, <u>see</u> <u>Deloria v. Veterans Admin.</u>, 927 F.2d 1009, 1011 (7th Cir. 1991), and is a necessary prerequisite to our jurisdiction under the FTCA.  <u>See</u> <u>McNeil v. United States</u>, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).  Accordingly, Godbout's state law tort claims, Counts II through VI, are dismissed for lack of subject matter jurisdiction.

This leaves us with Godbout's "due process claim," which falls beyond the coverage of the Westfall Act and the FTCA.  A constitutional claim seeking monetary relief from an individual federal official would necessarily proceed on the theory recognized in <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).  However, the Seventh Circuit has specifically disallowed any <u>Bivens</u>-type remedy for alleged constitutional violations associated with tax assessment and collection activities.  <u>See</u> <u>Cameron v. Internal Revenue Service</u>, 773 F.2d 126 (7th Cir. 1985).  This is because Congress has established an exclusive and comprehensive administrative scheme to resolve tax-related disputes, and these statutory remedies preclude the recognition of a <u>Bivens</u> claim.  <u>See</u>

Schweiker v. Chilicky, 487 U.S. 412, 423, 108 S.Ct. 2460, 101

L.Ed.2d 370 (1988); Bush v. Lucas, 462 U.S. 367, 368, 103 S.Ct.

2404, 76 L.Ed.2d 648 (1983). As the Seventh Circuit reasoned in

Cameron:

> Congress has given taxpayers all sorts
> of rights against an overzealous
> officialdom, including, most fundamentally,
> the right to sue the government for a
> refund if forced to overpay taxes, and it
> would make the collection of taxes chaotic
> if a taxpayer could bypass the remedies
> provided by Congress simply by bringing a
> damage action against Treasury employees.

773 F.3d at 129. Accordingly, because the statutory remedies

available to Godbout foreclose relief under a Bivens theory,

Count I is dismissed for failure to state a claim upon which

relief can be granted.

## CONCLUSION

For the foregoing reasons, the United States's motions to

substitute and to dismiss are granted. This action is dismissed

with prejudice for lack of subject matter jurisdiction (Counts II

through VI) and for failure to state a claim (Count I).


DATE:    December 21, 2004


ENTER:   _____

John F. Grady, United States District Judge